**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **LORRAINE FIJABI,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Case No. 4:23CV560 HEA** |
| | ) |
| **QUIKTRIP CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |

**<u>OPINION, MEMORANDUM AND ORDER</u>**

This matter is before the Court on Plaintiff's motion for leave to amend her complaint [Doc. No. 19]. Plaintiff seeks to add an additional Defendant, Derek Stanley, whom Plaintiff claims was the store manager whose negligence contributed to her injury. The additional defendant resides in Missouri, as such, his joinder would destroy diversity jurisdiction. Defendant QuikTrip Corporation opposes the amendment on the grounds that the sole purpose of the amendment is to avoid diversity jurisdiction. For the reasons set forth below, Plaintiff's motion for leave to amend his complaint will be granted and this matter will be remanded.[1]

Facts and Background

---

[1] "Any party or the court may, at any time, raise the issue of subject matter jurisdiction." Great River Ent., LLC v. Zurich Am. Ins. Co., 81 F.4th 1261, 1263 (8th Cir. 2023) (quoting GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 828 (8th Cir. 2004)). See also, Dick v. Disc. Auto Parts, LLC, No. 4:23-CV-00494-SEP, 2024 WL 358305, at *1 (E.D. Mo. Jan. 31, 2024)(remanding matter on the Court's own motion.)

This case arises out of an incident that occurred on or about April 5, 2022, at a QuikTrip convenience store in St. Louis, Missouri, located at 12200 Dorsett Road, Maryland Heights, Missouri. Upon entering the store, Plaintiff slipped and fell on water on the floor. Plaintiff claims Defendant knew or should have known of the condition, failed to use ordinary care to remove the water, barricade the area, warn of the water, or otherwise remedy the situation.  As a result of the fall, Plaintiff suffered injuries to her feet, knees, back, and left shoulder, medical and other health care related expenses, and future medical care and services.

Plaintiff initially filed this injury action on March 27, 2023, in the Circuit Court of the County of St. Louis. Plaintiff asserted claims of negligence against QuikTrip as the sole defendant. On April 28, 2023, QuikTrip timely removed this action based on diversity jurisdiction. 28 U.S.C. § 1332.  On July 14, 2023, Plaintiff filed a motion for leave to amend her complaint to add Derek Stanley, a Missouri citizen, as a defendant.

Plaintiff alleges store manager Derek Stanley was the manager on duty on the date of the incident and was directly involved in the negligent acts or omissions. Plaintiff was not provided with the identity of the store manager and this information is not made publicly available by QuikTrip. Following filing of the suit, counsel for Plaintiff informed counsel for QuikTrip that she planned to add the store manager to the suit and inquired as to the identity of the manager in

order to avoid unnecessary delay. QuikTrip was either unable to provide the information or declined to provide the same and thereafter removed the case to this Court. Plaintiff immediately served Interrogatories to discover the name of the manager. The identity was revealed in discovery responses on July 3, 2023. Plaintiff filed this motion two weeks later.   As such, Plaintiff seeks leave to amend her complaint to include a claim of negligence against Derek Stanley, the manager at the QuikTrip Store. The amended complaint identifies Stanley as a resident of Missouri.[2]

Plaintiff argues that under Rule 15(a)(2) of the Federal Rules of Civil Procedure, leave should be freely granted where justice so requires. She further argues she sought leave to amend in a timely manner, it will not result in undue delay, is not sought in bad faith or with any dilatory motive. Additionally, Plaintiff notes that the amendment will not prejudice Defendant QuikTrip and is brought very early on in this litigation.

QuikTrip argues that leave to amend should not be granted because Plaintiff's only purpose in seeking leave to amend is to evade federal jurisdiction. Defendant argues that Stanley is not a necessary or indispensable party pursuant to

---

[2] The Court assumes Plaintiff intended to allege Stanley is a citizen of the state of Missouri. Defendant does not challenge Plaintiff's reference to Stanley's residency rather than citizenship.

Rule 19 because Plaintiff can obtain complete relief from QuikTrip alone and any judgment rendered against QuikTrip in Stanley's absence would be fully adequate. QuikTrip also argues that the Bailey factors—purpose of joinder, dilatory motive, and prejudice to plaintiff if joinder is not allowed—weigh heavily against the joinder of Stanley.

Plaintiff offers a reasonable explanation as to why Stanley was not named in the original complaint, and why Plaintiff is just now learning of his identity. QuikTrip also argues that Plaintiff will not be prejudiced in any way because Plaintiff can fully recover against QuikTrip, even if Stanley was negligent, under the doctrine of respondeat superior.

Discussion

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and advises that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). When an action is removed from state court to federal court, and "after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court." 28 U.S.C. § 1447(e).

If the potential defendant is determined to be a necessary and indispensable party under Rule 19, "the district court must either permit joinder and grant remand under § 1447(e), or dismiss the action pursuant to Rule 19(b)." *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 308 (8th Cir. 2009). "Only when the potential defendant is deemed dispensable may the district court deny joinder and retain jurisdiction over the case." *Id*.

"Permission to amend may be withheld if the plaintiff ... is guilty of undue delay, bad faith, dilatory motive, or if permission to amend would unduly prejudice the opposing party." *Id*. at 307 (8th Cir. 2009) (citing *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 224 (8th Cir. 1994)). When faced with an amended pleading naming a new nondiverse defendant in a removed case, the district court "should scrutinize that amendment more closely than an ordinary amendment." *Bailey*. 563 F.3d at 309. "In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interest of not having parallel lawsuits." *Id*. The factors prescribed by the Bailey court are: (1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, and (3) whether plaintiff will be significantly injured if amendment is not allowed. *Id*. (citation omitted).

5

Case: 4:23-cv-00560-HEA   Doc. #:  25   Filed: 02/13/24   Page: 6 of 8 PageID #: 104


In determining whether the purpose of the joinder is solely to defeat jurisdiction, courts have considered whether the party previously knew the identity of the joined defendant and whether the party informed the court that joinder would defeat federal jurisdiction. See *Bailey*, 563 F.3d. at 309; see *Myers v. Queen*, No. 4:11-CV-1273 (CEJ), 2013 WL 5671340, at *2 (E.D. Mo. Oct. 17, 2013) (citing cases). Plaintiff explains that she sought the identity of the manager from QuikTrip but was not advised of his identity. She immediately sent interrogatories to ascertain his identity and sought leave to amend her Complaint within a short time after acquiring this information. This case is therefore different from *Gregory v. QuikTrip*, 4:23-CV-00096-AGF, 2023 WL 3019628, at *1–4 (E.D. Mo. Apr. 20, 2023), upon which Defendant heavily relies. In *Gregory*,  there wasno effort to explain why the nondiverse defendant was not named in the original complaint nor when plaintiff discovered her' identity. Plaintiff merely stated after the fall, Plaintiff acquired information from an independent witness who was present at the QuikTrip at the time of the fall. The fall in *Gregory* occurred over 3 years prior to the action, as such it was unlikely the information was discovered only after the case was removed. See *Starks v. Standard Fire Ins. Co.*, No. 4:22-CV-00752-SEP, 2022 WL 17177336, at *2 (E.D. Mo. Nov. 23, 2022) (finding that the purpose of joinder was to defeat jurisdiction when the plaintiff offered no plausible alternative explanation for the timing of the proposed joinder.)

Plaintiff in the instant case explained the lack of Stanley's inclusion in the Petition. Indeed, Defendant's actions in not identifying Stanley significantly contributed to Plaintiff's inability to name him in the original Petition. Plaintiff was diligent in filing her discovery requests through the proper procedures to obtain Stanley's identity and acted in a timely manner in seeking to amend to include him.

Further, even if Stanley is not a necessary and indispensable party (*Bailey*, 563 F.3d at 308), Plaintiff states a colorable claim against him sufficient to withstand scrutiny for fraudulent joinder. See e.g., *Hendrix v. Petco Animal Supplies Stores, Inc*., No. 4:22-CV-0987-JAR, 2023 WL 3377493, at *2 (E.D. Mo. May 11, 2023)(finding no fraudulent joinder of a non-diverse acting store manager in slip and fall at retail store); *Petrovic v. BP Corp. N. Am. Inc.*, 4:18-00799-CV-RK, 2019 WL 630299, at *3 (W.D. Mo. Feb. 14, 2019) (finding no fraudulent joinder of a non-diverse employee responsible for facility operations and maintenance).

Conclusion

In light of the foregoing analysis, the Court finds Plaintiff's motive in seeking to join Derek Stanley is not merely to defeat federal jurisdiction. As such the Court will grant Plaintiff's leave to amend.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint, [Doc. No. 19, is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint shall be filed this date.

**IT IS FURTHER ORDERED** that this matter is remanded to the Circuit Court for the County of St. Louis, Missouri on the Court's own motion.

Dated this 13th day of February,  2024.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE